## CINCINNATI (City) v MOSIER

Ohio Appeals, 1st Dist, Hamilton Co

No. 5530. Decided January 30, 1939

John D. Ellis, Cincinnati, and James F. Conway, Jr., Cincinnati, for appellee.

Victor F. Schmidt, Cincinnati, for appellant.

## OPINION

By ROSS, PJ.

This is a direct appeal on questions of law from the Municipal Court of Cincinnati. The judgment to be reviewed was a sentence of the Municipal Court imposed after the verdict of a jury against the defendant. The defendant was charged in the affidavit, furnishing the basis for the prosecution, with having violated the ordinances of the City of Cincinnati, in that he unlawfully peddled books in the streets of the city without first having complied with the ordinances of the city requiring him to secure a peddler's license.

The ordinances in question provide:

"Section 100. GENERAL PROVISIONS. No person shall be engaged in any trade, business, or profession hereinafter mentioned until he or she shall have obtained a license therefor, as hereinafter provided."

"Section 169. PEDDLERS—BY HAND. Licenses may be granted by the superintendent of the department of public welfare to peddlers selling goods carried by hand, upon the payment to the city treasurer by each applicant of a license fee of twenty-five dollars ($25.00) per annum, provided, however, that free licenses may be issued to indigent peddlers in accordance with the provisions of Section 169-5. No license shall be issued to such peddlers except upon satisfactory evidence being presented by the applicant to the superintendent of public welfare that the applicant is a proper person to be so licensed."

The evidence developed that the "books" peddled were religious books, pamphlets, and tracts, and there is no evidence that

such literature was in any way subversive of the morals of the public or inimical to our form of democratic government, or calculated to create a disturbance or breach of the peace of the country, or had the effect of interfering with the public welfare.

Much is claimed for the literature in question as being beneficial to the morals and welfare of the public. This, for the purposes of this review is beside the point.

The real question presented is raised by the contention of the defendant that if the ordinances quoted are construed as justifying the prosecution in the instant case, they are violative of constitutional provisions assuring the citizens of the nation freedom of the press.

It is also claimed these ordinances if so construed, are an interference also with the constitutional guarantees of religious liberty. The latter contention, we do not think tenable.

The first contention requires more consideration.

The provision of the Ohio Constitution involved is as follows:

"Art. I. Sec. 11. Every citizen may freely speak, write and publish his sentiments on all subjects, being responsible for the abuse of the right; and no law shall be passed to restrain or abridge the liberty of speech, or of the press. In all criminal prosecutions for libel, the truth may be given in evidence to the jury, and if it shall appear to the jury, that the matter charged as libelous is true, and was published with good motives, and for justifiable ends, the party shall be acquitted."

In the case of Lovell v City of Griffin, 303 U. S., 444, at page 450 of the opinion the Supreme Court of the United States says:

"Freedom of speech and freedom of the press, which are protected by the First Amendment from infringement by Congress, are among the fundamental personal rights and liberties which are protected by the Fourteenth Amendment from invasion by state action. Gitlow v New York, 268 U.S. 652, 666, 69 L. ed 1138, 1145, 45 S. Ct. 625; Stromberg v California, 283 U. S. 359, 368, 75 L. ed. 1117, 1121, 51 S. Ct. 532, 73 A. L. R. 1484; Near v Minnesota, 283 U. S. 697, 707, 75 L. ed. 1357, 1362, 51 S. Ct. 625; Grosjean v American Press Co., 297 U. S. 233, 244, 80 L. ed. 660, 665, 56 S. Ct. 444; De Jonge v Oregon, 299 U. S. 353, 364, 81 L. ed. 278, 283, 57 S. Ct. 255. See also Polka v Connecticut, decided December 6, 1937 (302 U. S. 319, ante, 288, 58 S. Ct. 149)."

The municipal ordinances considered in the Lovell case forbade as a nuisance the distribution by hand or otherwise literature of any kind unless the distributor had secured a license from the municipality so to do.

The ordinance here under consideration is much wider in its scope than the particular application considered in the prosecution involved. The ordinance is constitutional. It is limited in its application to such matters as are not protected by constitutional or general provisions.

We specifically hold the ordinance constitutional, just as we specifically find that the prosecution in the instant case was unwarranted in law.

The ordinance itself in the Lovell case came into collision with the protections and inhibitions of the constitutional provisions. The ordinance in question here has no such infirmity. On the other hand, it is apparent that it can have no more application to the defendant for the acts charged in the affidavit than it could if it were attempted to apply it for an act performed outside the state, county, or city.

The court should have rendered judgment for the defendant and dismissed him. The judgment is reversed and the defendant dismissed.

HAMILTON and MATTHEWS, JJ, concur.