199 So. 129

**STATE ex rel. SEMANSKY v. STARK, Sheriff.**

**No. 35746.**

Nov. 4, 1940.

Herman L. Midlo, of New Orleans, for relator-appellant.

Edmond L. Deramee, of Thibodaux, for respondent-appellee.

George A. Dreyfous and Fontaine Martin, Jr., both of New Orleans, amici curiae.

PONDER, Justice.

This is an appeal from a judgment rendered in a mandamus proceeding.

It appears that Peter J. Semansky, the plaintiff and appellant, was a member of an organization known as the Watch Tower Bible and Tract Society, and as such

certified by the Society to be one of "Jehovah's Witnesses," a minister of the gospel. The plaintiff was traveling through the Parish of Lafourche in an automobile, distributing and selling pamphlets and books devoted to the teachings of his religious sect. From the evidence it appears that he was selling the pamphlets for twenty-five cents each. On one occasion he accepted potatoes in payment for several of the pamphlets and in another instance accepted Octagon soap coupons. The plaintiff's automobile, books and pamphlets were seized by a deputy sheriff of Lafourche for the failure of the plaintiff to have a peddler's license. There was no criminal charge made against the plaintiff. The plaintiff instituted the present proceedings in the trial court seeking mandamus with the view of having his automobile, books and pamphlets released. In answer to the proceeding the sheriff of Lafourche Parish admitted that the automobile, books and pamphlets were seized, but averred they were seized for the failure of the plaintiff to have a peddler's license, and asked that the automobile, books and pamphlets be ordered sold to satisfy the obligation. Upon trial the lower court recalled and denied the writs at the plaintiff's cost, rendered judgment condemning the plaintiff to pay a peddler's license in the sum of $50, and ordered the · automobile, books and pamphlets to be sold, pursuant to law, to satisfy the obligation. The plaintiff has appealed.

Counsel for the plaintiff contends that Section 16 of Act No. 15 of the Third Extra Session of 1934, as applied to appellant is void because it is in conflict with Article I, Sections 3 and 4, of the Constitution of this State, and Section 1 of the Fourteenth Amendment of the Constitution of the United States, in that: (1) It prohibits and abridges the free exercise of worship of God by the appellant; (2) it abridges appellant's right of freedom of speech and freedom of press; (3) it violates the "due process" clause of the Fourteenth Amendment of the Federal Constitution, which protects against hostile state invasion of the fundamental principles of liberty and justice which lie at the base of all our civil and political institutions.

Counsel for the appellee takes the position that there was no attempt to interfere with the appellant in his ministerial mission, and that when the appellant sold the books and pamphlets he became engaged in the peddling of merchandise. Counsel contends that if the plaintiff engages in such sales he is required, by the law of this State, to have a peddler's license.

Section 16 of Act No. 15 of the Third Extra Session of 1934 under subhead (e) reads:

"Any person who goes from house to house, or place to place, or store to store, other than manufacturers who sell their product to dealers for resale, exposing and selling the merchandise which he carries with him and delivering the same at the time of or immediately after the sale or without returning to the base' of business operations between the taking of the order and the delivery of the goods, shall be deemed a peddler."

The plaintiff was distributing and selling books and pamphlets, propagating, and disseminating the doctrines of the religious sect of which he was a member and a minister. From a reading of the above quoted provision of the Act it would appear that it does not contemplate transactions of this nature. In fact, the provision indicates it was intended to cover those who peddle merchandise such as is usually sold by merchants. It is only reasonable to believe that it was the intention of the Legislature to protect merchants, retail or wholesale, who have a fixed place of business, and who are required to pay an occupational license, as well as taxes on their buildings and merchandise, against competition of peddlers. We cannot see how the transactions herein could in anywise be considered as competition to merchants engaged in the sale of merchandise. The distribution and sale of the books and pamphlets involved herein are in the nature of disseminating the doctrines and principles of this sect. The only persons who would be interested in selling such books and pamphlets would be members and believers in the religious sect. In view of the nature of these transactions we are of the opinion that the Legislature did not intend to require those engaged in disseminating the doctrines and principles of any religious sect, either by the distribution, or sale, of books or pamphlets pertaining to such, to pay a peddler's license, or to classify them as peddlers.

It is unnecessary for us to pass on the other contentions of the plaintiff for the reason that we have arrived at the conclusion that transactions of this nature are not in the purview of the Act.

For the reasons assigned, the judgment of the lower court is reversed and set aside; the alternative writs of mandamus are maintained and perpetuated, and the automobile, books and pamphlets, the property of the plaintiff, are ordered released.

ODOM, J., takes no part.