3 So.2d 74

## JONES v. CITY OF OPELIKA.

### 5 Div. 109.

Court of Appeals of Alabama.
March 18, 1941.

Rehearing Denied April 22, 1941.

Grover C. Powell, of Atlanta, Ga., for appellant.

Duke & Duke, of Opelika, for appellee.

RICE, Judge.

Appellant, when arrested, was going about the streets of the City of Opelika, holding two little pamphlets in his hand, and saying to the public: "Get your two copies for five cents."

Copies of the two pamphlets mentioned are before us, and we find in them nothing obscene or immoral; or which advocates unlawful conduct; or which is calculated to "disturb public order."

Here, as in the case styled City of Cincinnati, Appellee v. Mosier, Appellant, decided by the Court of Appeals for Hamilton County (Ohio), and reported in 61 Ohio App. at page 81, 22 N.E.2d 418, the evidence developed that the "books" peddled were religious books, pamphlets or tracts (one was: "Face the Facts—and learn the only one way of escape"; and the other: "Fascism or Freedom"), and "there is no evidence that such literature was in any way subversive of the morals of the public or inimical to our form of democratic government, or calculated to create a disturbance or breach of the peace of the country, or had the effect of interfering with the public welfare."

Appellant is an ordained minister of the gospel of Jehovah's Kingdom and (as he contends, without dispute in the testimony) one of Jehovah's witnesses, consecrated to bear witness concerning the Kingdom of Jehovah God. The sole mission of the pamphlets is to set forth the gospel of the Kingdom of God as he believes and preaches it.

He did not, he says, apply for or obtain a license (to "peddle" his pamphlets) because he regarded himself as sent by Jehovah God to do his work and believes that such application would have been an act of disobedience to Jehovah's Commandments which would result in his eternal destruction.

Appellant was tried in the Recorder's Court of the City of Opelika, and convicted, on the charge of selling or offering to sell books without a license being first obtained from the Clerk of said city as required by the city ordinance.

He appealed to the circuit court, where he was again convicted before the judge, sitting without a jury, and hence this appeal.

His defense was the unconstitutionality and invalidity of the ordinance (as applied to him), which requires a license to distribute printed matter. He says that it is in conflict with the Constitution of the State, and the Due Process Clause of the Fourteenth Amendment to the United States Constitution in the following particulars, viz.:

(a) It abridges and denies freedom of speech and freedom of the press; and (b) it abridges freedom of worship and freedom of conscience and religious liberty.

The part of the ordinance of the City of Opelika that was applied to appellant is as follows:

"Be it ordained by the Board of Commissioners of the City of Opelika, Alabama, that. the following schedule of rates for license or privilege taxes for conduct of any trade, vocation, profession or any other business conducted in the City of Opelika and its police jurisdiction for the year beginning January 1, 1939, and ending December 31, 1939, and the following conditions and provisions for the conduct thereof, and the following penalties for the violation thereof be and it is hereby adopted, to-wit:

144

"All licenses, permits or other grants to carry on any business, trade, vocation or profession for which a charge is made by the City shall be subject to revocation in the discretion of the City Commission with or without notice to the licensee. No license shall be issued to any bootblack, news stand, pop corn stand, weiner stand, or other similar stand for the sale of any product where said stand proposes to locate on any street, alley or sidewalk of the City unless written permission be granted by the City Commission of the City of Opelika.

"Agents, book agents (Bibles excepted) $10.00.

"Transient agents or dealers or distributors of books (annually only) $5.00." (Italics supplied by us.)

We are unable to distinguish the principle implicit (as applied to appellant) in the above-quoted provisions of the ordinance of the City of Opelika, from that involved in the ordinance of the City of Griffin, Georgia, dealt with by the Supreme Court of the United States in the case of Lovell v. City of Griffin, 303 U.S. 444, 58 S.Ct. 666, 669, 82 L.Ed. 949. There seems to us nothing more objectionable, legally, in requiring all who would distribute circulars, hand books, advertising, or literature of any kind, whether said articles are being delivered free, or whether same are being sold, to first obtain written permission from the City Manager of the City of Griffin (as in the Lovell v. City of Griffin case, supra), than there is, here, in, while pretending to provide a general license ordinance, providing, as a matter of fact, that the license is held at the sole, unbridled and complete, discretion of the City Commission of the City of Opelika.

And so, following the reasoning of the Supreme Court of the United States in the Lovell v. City of Griffin case, supra, we may say, here, that the ordinance of the City of Opelika in question, as applied to appellant, "is such that it strikes at the very foundation of the freedom of the press by subjecting it to license and censorship. * * * Legislation [and it is well settled that municipal ordinances adopted under State authority constitute State action and are within the prohibition of the First Amendment to the Constitution of the United States, which is made applicable to the States by the provisions of the Fourteenth Amendment to the Constitution of the United States] of the type of the ordinance in question would restore the·

system of license and censorship in its baldest form."

 Of course, "freedom of speech and freedom of the press, which are protected by the First Amendment from infringement by Congress, are among the fundamental personal rights and liberties which are protected by the Fourteenth Amendment from invasion by state action."

We cannot say here—as the Supreme Court of the United States said in the Lovell v. City of Griffin case, supra—that the ordinance in question is "invalid on its face"—this for the reason that same purports to be but a simple license ordinance, such as is adopted by most cities.

But, as applied to appellant, the ordinance, for reasons we hope we have made clear hereinabove, is invalid—void, and of no effect.

It—when undertaken to be so applied— as was said by the Court of Appeals for Hamilton County (Ohio) in the case of Cincinnati, Appellee v. Mosier, Appellant, supra: "can have no more application * * * than it could if it were attempted to apply it to an act performed outside the state, county, or city."

The judgment of conviction rendered by the Circuit Court is reversed.

And a judgment here, and hereby, rendered discharging appellant from further custody in these proceedings.

Reversed and rendered.