STATE *ex rel* WILLIAM HOUGH v. C. J. WOODRUFF, as Chief of Police of the City of Tampa, a Municipality, Etc.

2 So. (2nd) 577

En Banc

Opinion Filed May 27, 1941

*Bryan & Bryan,* for Petitioner;

*Alonzo B. McMullen, Ralph A. Marsicano* and *M. Henry Cohen,* for Respondent.

TERRELL, J.—Petitioner was arrested and tried in the municipal court of the City of Tampa for distributing or selling certain literature called "Watchtower" and "Consolation" without a permit or license as required by ordinance 721-A, as follows:

"Peddlers, Hawkers, or Hucksters, except as otherwise provided for herein, whether using a vehicle or not, and selling or offering for sale any goods, wares, or merchandise, occupying or using any part of the street or sidewalks or other public property, or going from place to place for the purpose of selling their wares (excepting those persons selling farm or grove produce of their own production) (and providing a permit is first secured from the Chief of Police designating the locality and manner in which such items may be sold)."

He was convicted and sentenced to pay a fine of one hundred dollars or serve thirty days in the city stockade. He attempted to perfect an appeal to the circuit court but failing in this, because a proper record had not been preserved, he applied for and was

granted writ of habeas corpus by this Court. He contends that the ordinance as quoted is violative of the first and fourteenth amendments to the Federal Constitution in that it prohibits the free exercise of his religious faith and that is the sole question with which we are confronted.

Other questions are raised by the respondent and they have been examined but we find them to be without merit so pass them *sub silentio*.

On the main question, it is admitted that "Watchtower" and "Consolation" are religious pamphlets, that petitioner is a member of the sect known as Jehovah's Witnesses and that he was selling or distributing said pamphlets in aid of his religious belief. He relies on Lovell v. City of Griffin, 303 U. S. 444, 58 Sup. Ct. 666, 82 L. Ed. 947; Cantwell v. Connecticut, 310 U. S. 296; 60 Sup. Ct. 900, 84 L. Ed. 1213, and Schneider v. State, 308 U. S. 444, 58 Sup. Ct. 146, 84 L. Ed. 155, and like cases to support his contention.

Respondent contends on the other hand that despite petitioner's religious belief or practice, he may be required to show his identity and dispense his literature under reasonable restrictions in the interest of the public and that the ordinance assaulted requires nothing more of him. Cook v. City of Harrison, 180 Ark. 546, 21 S. W. (2nd) 966; Commonwealth v. Anderson, 272 Mass. 100, 172 N. E. 114; City of Pittsburg v. Ruffner, 134 Pa. Sup. 192, 4 Atl. (2nd) 224, are relied on to support this contention.

The real question then is whether or not the ordinance complained of and the petitioner are within the exceptions to the general rule defined in the cases relied on by him and cited herein. We have examined these cases and while we recognize the exception

contended for, we have reached the conclusion that petitioner is covered by the rule rather than the exception. We do not think the ordinance applies to him but if it did, it would be invalid to that extent. Since this is the case, State *ex rel.* Wilson v. Russell, decided April 8, 1941, 146 Fla. 539, 1 So. (2nd) 569, would seem to rule the instant case.

The petitioner is therefore discharged.

WHITFIELD, BUFORD and CHAPMAN, J. J., concur.

BROWN, C. J., and THOMAS, J., dissent.

THOMAS, J. (dissenting).—Being unable to find in the record justification for issuance of a writ of habeas corpus, I dissent from the opinion adopted by the Court.

BROWN, C. J., concurs.