STATE OF IOWA, Appellee, v. PAUL E. MEAD et al., Appellants.

No. 45641.

NOVEMBER 12, 1941.

John M. Rankin, Attorney General, and Jens Grothe, Assistant Attorney General, for appellee.

Harold Metcalf, A. P. Barker, Hayden C. Covington, and Joseph F. Rutherford, for appellants.

OLIVER, J.—Section 13227, Code of Iowa, 1939, provides in part as follows:

"Breach of Sabbath—exceptions. If any person be found on * * * Sunday, * * *, or in any manner disturbing a worshipping assembly or private family, or in buying or selling property of any kind, or in any labor except that of necessity or charity, he shall be fined * * *."

The information charged that on Sunday, December 8, 1940, appellants did desecrate the Sabbath in this: "That they did go from door to door in the city of Clinton, knocking on the doors and ringing doorbells, arousing persons early in the morning to the disturbance of private families; That they did sell and attempt to sell literature on Sunday" in violation of Code section 13227.

The record shows appellants are members of an organized religious order or group, each member of which carries a certificate which recites that they are commanded by the Bible to preach the gospel and worship by calling upon the people at their homes and exhibiting to them the message in printed form. The acts charged in the information occurred between 10 a. m. and 1:30 p. m., on said Sunday. Appellants went singly to the doors of various homes in Clinton, at which they made known their presence by knocking or ringing doorbells. If granted admission, they sought, by word of mouth and printed booklets and, in some instances, by playing recorded transcriptions on a phonograph, to disseminate the doctrines and teachings of the order. At such homes, as well as those to which admission was not secured, householders were offered small packages of the

booklets for which they were asked to contribute or pay the sum of ten cents. If they declined, a booklet was offered them without charge.

These booklets were of a religious nature though not free from derogatory statements concerning other religions and orders and other organizations which did not subscribe to appellants' ideas of the "true faith". However, there was no showing in this case that appellants' acts constituted or incited any breach of the peace. Nor was that the charge against them. They were charged only with the offense of desecrating the Sabbath and this appeal is from their conviction upon said charge.

The primary purpose of this statute is to secure for the people in general a regular day of repose and quiet. An exception is made to the relatively small number who conscientiously observe Saturday as the Sabbath. The statute also encourages the setting apart of Sunday as a day for religious observance by forbidding the disturbance of those so engaged. The form and manner of the religious observance and worship rests in the belief and conscience of the individual. But this freedom of religious thought and worship is not a license to do any act otherwise forbidden by law. Nor may anyone circumvent the provisions of this or other statutes under the guise of religious belief.

It is contended by the State that the calling upon householders after 10 a. m. on Sunday for the purpose of propagandizing appellants' religious views by spoken and printed words constituted "disturbing a private family." The language of this portion of the act is "disturbing a worshipping assembly or private family." We need not here determine the exact interpretation to be given this language. The record indicates that at the time of the calls the householders were engaged in eating or other mundane activities. No disturbance of any kind is shown to have taken place. We are not prepared to hold that the calling at private homes in the middle of the Sabbath day, however unwelcome the caller may be, in itself, constitutes a desecration of the Sabbath.

The State also contends the distribution of the booklets and

occasional receipt of the sum of ten cents constituted "selling property" within the prohibition of the act. However, appellants were not engaged in selling booklets. The alleged sales were merely incidental and collateral to appellants' main object which was to preach and publicize the doctrines of their order. Indicative of this was the practice of giving booklets to those unwilling to contribute. Appellants regarded the amounts received as donations and this was frequently the thought of those who gave money. Appellants were teaching and spreading their religious views without compensation and at their own expense. All receipts from the booklets were placed in a publication fund, which it was necessary to supplement by voluntary contributions to cover the cost of publishing the booklets. The commercial aspect of sales was absent. We do not think the statute contemplates that the distribution of booklets of this nature and under these particular circumstances constitutes desecrating the Sabbath.

The foregoing conclusions require a reversal.—Reversed.

MILLER, C. J., and BLISS, GARFIELD, STIGER, WENNERSTRUM, MITCHELL, and HALE, JJ., concur.