7 So.2d 503

### JONES v. CITY OF OPELIKA.

#### 5 Div. 368.

Supreme Court of Alabama.

April 9, 1942.

Grover C. Powell, of Atlanta, Ga., and Hayden Covington, of Brooklyn, N. Y., for petitioner.

Duke & Duke, of Opelika, opposed.

THOMAS, Justice.

Petitioner was found guilty of a violation of an ordinance of the City of Opelika requiring an annual license for transient agents or distributors of books or pamphlets for sale on the streets of said City. The Court of Appeals reversed the judgment. Jones v. City of Opelika, 3 So.2d 74.

Upon petition for certiorari to this Court by the City of Opelika, a writ of certiorari was awarded and the judgment of the Court of Appeals was reversed and the cause remanded to that Court for further and final disposition. Jones v. City of Opelika, 241 Ala. 279, 3 So.2d 76.

Thereafter, and on March 9th, 1942, the Court of Appeals affirmed the judgment of conviction upon the authority of the decision here rendered and on March 17th, 1942, denied application for rehearing.

The petition now before us presents the identical question considered and determined by this Court in Jones v. City of Opelika, 241 Ala. 279, 3 So.2d 76. Petitioner has cited some additional authorities which have been considered, the two more nearly in point being State v. Greaves, 112 Vt. 222, 22 A.2d 497, from the Supreme Court of Vermont and City of Blue Island v. Anna Kozul, 379 Ill. 511, 41 N.E.2d 515. As we read these authorities they interpret Grosjean v. American Press Co., 297 U.S. 233, 56 S.Ct. 444, 449, 80 L.Ed. 660, as depriving all municipalities of the right to exact any license fee whatever, however reasonable the same may be, of anyone desiring to sell pamphlets or literature upon their streets, as violative of both the first and fourteenth amendments to the Federal Constitution. We do not so understand the Grosjean case. There the very form in which the tax was imposed was "in itself suspicious". The opinion further observes that it was "a deliberate and calculated device in the guise of a tax to limit the circulation of information to which the public is entitled in virtue of the constitutional guaranties".

In the instant case there is a plain, simple, reasonable license fee fixed for any

agent or dealer who uses the streets for the sale of books or pamphlets, and the ordinance takes no account of the particular calling of such agent or dealer, whether minister or layman. We can see no reason against an ordinance of the character here involved and of consequence adhere to our views as expressed upon former consideration of this cause (241 Ala. 279, 3 So.2d 76), to which we make reference for a more elaborate statement of the reasons which impel us to the conclusion here reached.

The writ will accordingly be here denied and the judgment affirmed.

Writ denied. Affirmed.

All the Justices concur except KNIGHT, J., not sitting.