MRS. M. A. BROWN et al. v. CITY OF STILLWATER.

No. A-10313. May 31, 1944.

(149. P. 2d 509.)

Hayden Covington, of Brooklyn, N. Y., and Stephenson & Stephenson, of Okemah, for plaintiffs in error.

Randell S. Cobb, Atty. Gen., and Ernest F. Jenkins, City Atty., of Stillwater, for defendant in error.

BAREFOOT, J. The defendants, Mrs. M. A. Brown, Delbert Williams and E. F. Walrod, were tried and convicted in the county court of Payne county, Okla., on appeal from the municipal court of the city of Stillwater, for the violation of section 2 of Ordinance 742 of said city, which is as follows:

"It shall be unlawful and an offense for any person, firm or corporation within said City to display any sign, emblem, flag or device which, in its common acceptation, is insulting, profane, or abusive to the citizens of said City, and which is calculated, or where the natural consequence is, to cause a breach of the peace or an assault.

The defendants were sentenced to pay fines of $20 each, and from such judgment and sentence have appealed.

This case was by agreement consolidated with the case of Ex parte Walrod, 78 Okla. Cr. 406, 149 P. 2d 513, No. A-10281. Oral arguments and briefs have been submitted, and the questions involved in the two cases are identical.

This appeal involves the rights of four "Jehovah's Witnesses," and similar cases have been before this court

and the Supreme Court of the United States many times. See the following: Ex parte Walrod, 73 Okla. Cr. 299, 120 P. 2d 783; McKee and Wilson v. State, 75 Okla. Cr. 390, 132 P. 2d 173; Miller v. State, 75 Okla. Cr. 428, 133 P. 2d 233; Greiner v. City of Yale, 77 Okla. Cr. 135, 139 P. 2d 606; Pendley v. State, 77 Okla. Cr. 259, 141 P. 2d 118; Wood v. State, 77 Okla. Cr. 305, 141 P. 2d 309; Schneider v. State of New Jersey, Town of Irvington, 308 U. S. 147, 60 S. Ct. 146, 84 L. Ed. 155; West Virginia State Board of Education v. Barnette, 319 U. S. 624, 63 S. Ct. 1178, 87 L. Ed. 1628, 147 A. L. R. 674; Taylor v. Mississippi, 319 U. S. 583, 63 S. Ct. 1200, 87 L. Ed. 1600; Benoit v. Mississippi, 319 U. S. 583, 63 S. Ct. 1200, 87 L. Ed. 1600; Cummings v. Mississippi, 319 U. S. 583, 63 S. Ct. 1200, 87 L. Ed. 1600; Follett v. Town of McCormick, 64 S. Ct. 717, 88 L. Ed.—; Murdock v. Pennsylvania, 319 U. S. 105, 63 S. Ct. 870, 891, 87 L. Ed. 1292, 1293, 146 A. L. R. 81; Jones v. City of Opelika, 319 U. S. 103, 63 S. Ct. 890, 87 L. Ed. 1290; Lovell v. City of Griffin, 303 U. S. 444, 58 S. Ct. 666, 82 L. Ed. 949; Cantwell v. Connecticut, 310 U. S. 296, 84 L. Ed. 1213; Oney v. Oklahoma City, 120 F. 2d 861.

See, also, decisions from the Federal Courts, and the Supreme Courts of other states: State of Kansas v. Smith and State of Kansas v. Griggsby, 155 Kan. 588, 127 P. 2d 518, 141 A. L. R. 1023; City of Blue Island v. Kozul, 379 Ill. 511, 51 N. E. 2d 515; Borchert v. City of Ranger, D. C., 42 F. Supp. 577; City of Cincinnati v. Mosier, 61 Ohio App. 81, 22 N. E. 2d 418; Commonwealth v. Reid, 144 Pa. Super. 569, 20 A. 2d 841; Donley v. City of Colorado Springs, D. C., 40 F. Supp. 15; State ex rel. Hough v. Woodruff, 147 Fla. 299, 2 So. 2d 577; McConkey v. City of Fredericksburg, 179 Va. 556, 19 S. E. 2d 682; McLean v. Mackay, 124 N. J. L. 91, 10 A. 2d 733; People v. Kieran, Sup., 26 N. Y. S. 2d 291; Village South Holland v. Stein, 373 Ill.

472, 26 N. E. 2d 868, 127 A. L. R. 957; State v. Mead, 230 Iowa 1217, 300 N. W. 523; Thomas v. City of Atlanta, 59 Ga. App. 520, 1 S. E. 2d 598.

The ordinance under which the defendants were charged is very similar in its terms to the various ordinances which have been considered in the cases above cited. It is unnecessary to unduly lengthen this opinion by reviewing these decisions, or by quoting the ordinance in full. The complaint under consideration charges that:

"[defendants] without authority of law, did display a sign, emblem, or device, towit: Watchtower and Consolation, which is and was commonly known by the citizens in general in the city of Stillwater, Oklahoma, to teach disrespect to the law and the United States flag; which is and was in its common acceptation insulting and abusive to the citizens of said city, and the natural consequences thereof was to cause a breach of the peace or an assault contrary to and in violation of section No. two, of Ordinance No. 742 of said City of Stillwater, Oklahoma."

Defendants, in their brief, discuss four propositions upon which they rely for a reversal of this case. They are as follows:

"One. The ordinance in question is unconstitutional on its face because, by its terms, it denies and deprives all persons in Stillwater, Oklahoma, of their rights of freedom of speech and of press, contrary to Article 1, Section 2; Article 2, Section 22; and Article 5, Section 46 of the Constitution of the State of Oklahoma and Amendments 1 and 14 to the United States Constitution.

"Two. The ordinance in question is unconstitutional, as construed and applied to the facts and circumstances, because it abridges appellants' rights of freedom of conscience, of press, of speech and of worship of Almighty God, contrary to Article 1, Section 2; Article 2, Section 22; Article 5, Section 46 of the Constitution of the State of Oklahoma and Amendments 1 and 14 of the United States Constitution.

"Three. The ordinance in question, both on its face and as construed and applied, violates the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution and is contrary to the Oklahoma Constitution, because it is vague, indefinite, uncertain, too general, does not furnish a sufficiently ascertainable standard of guilt, enables the court and jury trying the indictment to speculate, permits arbitrary and discriminatory action and amounts to a dragnet, thus depriving appellants of their liberty, without equal protection and due process of law.

"Four. The City of Stillwater failed to offer any evidence to show guilt on the part of appellants, since the undisputed evidence showed that appellants were not guilty of the acts charged in the complaint because the conduct of appellants in distributing the literature and the contents of the literature were not calculated to cause a breach of the peace, nor caused disorder, and were not insulting or abusive, and did not cast reproach or ridicule upon Christ Jesus or Almighty God."

The cases hereinabove cited fully discuss these propositions. After a careful review of the record, we have come to the conclusion that even though the ordinance in question be valid on its face, it is nevertheless unconstitutional as construed and applied to the facts and circumstances revealed in the record in this case. Concordia Fire Ins. Co. v. People of State of Illinois, 292 U. S. 535, 54 S. Ct. 830, 78 L. Ed. 1411.

The evidence of the city upon which these convictions were based is that the defendants and Mrs. E. F. Walrod (the petitioner in case No. A-10281), were offering for sale upon the streets of the city of Stillwater, magazines known as "Watchtower," and "Consolation," the official publications of Jehovah's Witnesses. They were wearing magazine bags which held these magazines, and upon which these words were printed. A copy of each of the

magazines, and one of the bags, are attached to the case-made.

The defendants were approached by C. E. Sexton, a retired physician, who was the prosecuting witness. He talked with them, and asked Delbert Williams, who is a young man, if he believed in saluting the flag. The boy replied that he did not, and asked him to obtain one of the magazines. Other words were passed. There was no physical demonstration of any kind, and no breach of the peace. M. A. Brown (who was originally a defendant in the case but who was found not guilty) motioned to the defendants, and they passed on to another place, and did not argue with the prosecuting witness.

Several officers testified to having previously purchased copies of the magazines from the defendants. All of the witnesses testified that the presence of the defendants upon the streets of Stillwater was disconcerting to the citizens, and that the officers had often been asked to keep them off the streets, in order to avoid trouble. No evidence was introduced to show that any matter contained in the magazines sold was repulsive or such as would cause a breach of the peace. It was only the presence of the defendants and the knowledge that they taught a doctrine of refusal to salute the flag that would cause any disturbance. They were all tried, and assessed a fine of $20 each. They appealed to the county court of Payne county, and the same fine was assessed. From such judgment and sentence this appeal has been perfected.

In one of the first cases to come before this court, 73 Okla. Cr. 299, 120 P. 2d 783, that of Ex parte Walrod, supra, Judge Doyle, in an exhaustive opinion, rendered on December 23, 1941, and in which many authorities are cited and reviewed, considered an ordinance of Stillwater very similar to the one here involved, and decided that it

was unconstitutional. Since that time the cases of Miller v. State, supra, Pendley v. State, supra, McKee and Wilson v. State, Wood v. State, supra, have been decided, and a number of the decisions by the Supreme Court of the United States above cited have been rendered. It is unnecessary to quote extensively from them.

In the Wood Case it is said:

"As we have so often stated, it [the Supreme Court of the United States] is the highest court in the land. Its decisions considering the applicability of state statutes to the terms of the Constitution of the United States are final and have and will be followed by this Court."

And in Ex parte Walrod we said [73 Okla. Cr. 299, 120 P. 2d 792]:

"Considering the questions presented in the light of the First and Fourteenth Amendments to the Constitution of the United States, and the decisions thereon pronounced by the Supreme Court of the United States, which decisions are final and conclusive and to which all state tribunals must yield, it follows that the ordinance in question is unconstitutional and void."

In Pendley v. State, supra:

"This decision of the Supreme Court of the United States, being expressly in point, controls in the disposition of the instant case. Regardless of any personal views this court may entertain concerning the reasonableness or unreasonableness of the defendant's views, we shall adhere to the ruling of the highest court of the land. It is sound in principle and consonant with the constitutional provisions."

For the reasons above stated, and the reasons given in the cases above cited, the judgment and sentence of the county court of Payne county is reversed, and the case remanded.

JONES, P. J., concurs. DOYLE, J., not participating.