## E. F. WALROD v. STATE.

No. A-10444. May 16, 1945.
(158 P. 2d 920.)

296

See, also, Ex parte Walrod, 78 Okla. Cr. 406, 149 P. 2d 513.

J. M. Springer, of Stillwater, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, J.    The defendant, E. F. Walrod, was charged in a justice of the peace court of Payne county

with the offense of assault and battery; was tried, convicted, and sentenced to serve 15 days in jail and pay a fine of $50 and costs. An appeal was taken to the district court of Payne county, and the defendant was therein tried, a verdict of guilty was returned by the concurrence of three-fourths of the members of the jury, and in pursuance to the verdict of the jury, the defendant was sentenced to serve a term of 15 days in the county jail and pay a fine of $25 and costs, and has appealed to this court.

Defendant, according to his testimony, is a minister of the gospel and, as such, is one of Jehovah's Witnesses. As to some of the trials and tribulations which the defendant has had in the city of Stillwater, see Ex parte Walrod, 73 Okla. Cr. 299, 120 P. 2d 783; Brown v. City of Stillwater, 78 Okla. Cr. 399, 149 P. 2d 509.

In the instant case, the record discloses that on a Saturday afternoon, the defendant was standing near a bank on a street corner, handing out certain literature of his religious denomination. The facts surrounding the alleged assault and battery are disputed. The complainant, Mert Poole, swore that as he passed the accused, the accused stuck some of the literature up under his nose and that he knocked it away and started on up the sidewalk. That he had taken three or four steps when the defendant ran up behind him, jumped on his back, knocked him down and struck him several blows on the face. Apparently there were no eyewitnesses to the beginning of the affray, except the two participants. However, the state used two witnesses who saw the defendant on top of the complainant striking him.

The defendant testified in his own behalf that he was standing with his back against the bank building.

That the complainant did not like him and had caused him some trouble in the city of Stillwater on other occasions for distributing his literature. That the complainant came up to him and, without any provocation on the part of the defendant, the complainant, Poole, struck the defendant. Defendant, Walrod, then stated that the attack which he made upon Poole was in his own self-defense and by reason of the assault being first made upon him by Poole.

The witness Poole admitted on cross-examination that he had testified against the defendant on two different occasions when the defendant had been charged in the municipal court of Stillwater with certain alleged breaches of the peace, and that he had told the defendant never to offer him any of his literature or bring it to his house.

It is first insisted that the judgment is void because it is indefinite and uncertain. The verdict which was returned by the jury is as follows:

"We, the jury, being duly sworn and empanelled in the above entitled case, do on our oaths find the defendant, E. F. Walrod, guilty of the crime of assault and battery as charged in the information, and fix his punishment at 15 days and $25.00."

The punishment for assault and battery is by imprisonment in a county jail not exceeding 30 days, or by a fine of not less than $5 or more than $100, or both such fine and imprisonment. 21 O. S. 1941 § 644.

The verdict is attacked because the jury omitted stating in their verdict whether the 15 days was to be served in the county jail or elsewhere. However, under the statute, there was no other place that the defendant could serve the punishment assessed by the jury, and we do

not think it is subject to the objection insisted upon by counsel. In view of the fact that we shall, as will be hereinafter noted, reduce the sentence assessed against the defendant by eliminating the jail sentence and a part of the fine, this objection to the verdict becomes immaterial.

It is next contended that the jury is guilty of gross misconduct in the discharge of its duty. Defendant's counsel submitted to this court at the time of oral argument an affidavit allegedly made by one of the jury panel, which related certain things which were said by members of the jury, concerning the defendant while they were deliberating upon the verdict. This affidavit was not a part of the record of this case; the question was not raised in the motion for new trial, nor in the petition in error attached to the case-made. For these reasons, it will not be considered by this court.

The defendant requested the court to instruct the jury that under the law he had a legal right to distribute his literature at the place where the alleged difficulty occurred. The requested instruction as an abstract statement of the law is correct. We have heretofore so held. Brown v. City of Stillwater, supra. However, it was not pertinent to this case, and the refusal to give it was not error.

In McKee et al. v. State, 75 Okla. Cr. 390, 132 P. 2d 173, 174, involving another case where members of the religious cult to which the defendant belonged were convicted of a breach of the peace, this court held:

"Although requested instructions may contain correct abstract principles of law, yet if they are not necessary to a proper decision of the issues involved, it is not error for the court to refuse to give them."

The jury were given full and fair instructions on all the issues, including the issue of self-defense. The facts were in dispute and such issue was a question for the determination of the jury.

We have come to the conclusion, after an examination of this record, that the complainant Poole is not altogether without fault in this altercation. Both he and the defendant should have been taken before the police judge of the city of Stillwater and fined for fighting. Poole's testimony discloses that he felt bitter towards the defendant and thought that he was not a patriotic American citizen because of certain religious practices of the organization to which the accused belonged. The defendant lost his temper or the fighting would not have occurred. Under the record, the verdict of the jury must be sustained. However, the severity of the punishment is not merited by the record. Justice requires a modification. The minimum fine of $5 and costs is a sufficient punishment.

It is therefore ordered that the judgment and sentence of the district court of Payne county is modified by reducing the sentence imposed on defendant from 15 days in the county jail and a fine of $25, to a fine of $5 and all costs of this action, and the judgment and sentence as thus modified is affirmed.

BAREFOOT, P. J., concurs. DOYLE, J., not participating.