Jones, J.
The lower courts have directed the Finance Administrator and the Tax Commission of the City of New York to remove certain properties of Watchtower Bible and Tract Society of New York, Inc. from the city tax rolls. We now affirm.
The issue arises as to the interpretation and scope of new section 421 of the Real Property Tax Law[1] and its counterpart, Local Law No. 46 of the New York City Local Laws of 1971. The former section granted authority to local municipalities to terminate the tax exemption previously enjoyed by the properties of certain not-for-profit organizations. The later law, phrased in substantially identical terminology, was New York City’s exercise of the authority so conferred.
*97 The statutory provisions are phrased in the explicit conjunctive. In the context of this case to be subject to loss of exemption and thus to taxation, the real property in question must be owned by a corporation or association:
(1) “ which is not organized or conducted exclusively for religious * * * purposes, “ but ”
(2) “which is organized or conducted exclusively * * * for bible, tract, missionary * * * purposes, and used exclusively for carrying out thereupon [such purpose].” (Emphasis and editorial format added.)
Thus, in our view, to succeed in establishing the taxable status of real property owned by Watchtower Bible and Tract Society of New York, Inc., under these provisions the taxing authority must prove not only that the corporate owner is organized exclusively for bible and tract purposes, but as well that it is not organized or conducted exclusively for religious purposes. It is on the latter branch of this requirement of proof that we conclude the taxing authorities have failed in this instance.
Watchtower Bible and Tract Society of New York, Inc. is the governing body of the religious group known as Jehovah’s Witnesses. The particular words used in its corporate name do not foreclose inquiry beyond them as to the purposes for which the society was organized and is conducted. It was organized as a membership corporation for religious purposes in 1909.[2] It is the ecclesiastical governing body of a recognized religious denomination with its own beliefs and form of organization. (People ex rel. Watchtower Bible & Tract Soc. v. Haring, 8 N Y 2d 350; People v. Barber, 289 N. Y. 378; Dickinson v. United States, 346 U. S. 389; Fowler v. Rhode Island, 345 U. S. 67; Board of Educ. v. Barnette, 319 U. S. 624; Murdock v. Pennsylvania, 319 U. S. 105; Largent v. Texas, 318 U. S. 418; United States v. Balogh, 157 F. 2d 939; United States ex rel. Hull v. Stalter, 151 F. 2d 633; Borchert v. City of Ranger, 42 F. Supp. 577; Tucker v. Randall, 18 N. J. Misc. 675.)
*98 This religious organization embraces more than one and a half million ministers and missionary evangelists in more than 200 lands throughout the world. Congregations of Jehovah’s Witnesses are established locally under the society’s supervision with an assignment of missionary territory in which the members of the congregation carry on their religious preaching and teaching activities. Bach religious congregation of Jehovah’s Witnesses has a supervising minister and assistants appointed by the society. Administration of the religious organization of Jehovah’s Witnesses stems from the governing body at the international headquarters in Brooklyn, New York. The doctrines and beliefs of Jehovah’s Witnesses are first promulgated by this governing body and then published either in The Watchtower or one of the other official publications of the society.
The religious activity of Jehovah’s Witnesses consists in major part of house-to-house preaching, an integral part of which is the attendant distribution of religious literature, the bible and religious books, magazines and booklets, all produced and published by the society.
The great weight of judicial authority has uniformly held that the preaching activity of Jehovah’s Witnesses from house to house is done as ministers of the gospel and it is held that it is religious preaching (see, e.g., People v. Barber, 289 N. Y. 378, supra; Follett v. McCormick 321 U. S. 573; Murdock v. Pennsylvania, supra; City of Anchorage v. Berry, 145 F. Supp. 868; Donley v. City of Colorado Springs, 40 F. Supp. 15; Florida ex rel. Hough v. Woodruff, 147 Fla. 299; State ex rel. Wilson v. Russell, 146 Fla. 539; Thomas v. City of Atlanta, 59 Ga. App. 520; State v. Mead, 230 Iowa 1217; City of Shreveport v. Teague, 200 La. 679; State ex rel. Semansky v. Stark, 196 La. 307; Commonwealth v. Akmakjian, 316 Mass. 97; Commonwealth v. Anderson, 308 Mass. 370; State v. Richardson, 92 N. H. 178; City of Cincinnati v. Mosier, 61 Ohio App. 81; City of Darlington v. Thompson, 234 S. C. 89; State v. Meredith, 197 S. C. 351).
We accordingly conclude that the respondent society is organized and conducted exclusively for religious purposes within the meaning of the statute and therefore is not subject to taxation by the City of New York under Local Law No. 46 of 1971. By contrast we recently held in Matter of Association *99 of Bar of City of N. Y. v. Lewisohn (34 N Y 2d 143) that the taxing authority met both requirements of proof to establish taxable status, i.e., that neither of the corporate property owners there was organized or conducted' exclusively for charitable or educational purposes and that one was a bar association and the other a scientific society. Accordingly the properties of each became taxable under Local Law No. 46.
In this view of the provisions of section 421 and Local Law No. 46 we do not reach the issue of the constitutionality of those provisions as applied to this society were they to be interpreted otherwise.
It remains only to note that we do not accept appellants’ argument that since portions of the properties of this corporate owner are concededly occupied by ordinary rent-paying tenants and thus pro tanto, taxable, the* exclusive remedy lay by way of application to the Tax Commission followed by timely institution of judicial proceedings for review of the determination of the Tax Commission under article 7 of the Real Property Tax Law and section 166 pf the New York City Charter and section 166-1.0 of the New York City Administrative Code. In substance the matter before us is not°one to review a tax assessment on the grounds of partial exemption. The division and apportionment as between tax exempt and taxable portions of these real properties had been previously established and there is no intent here to challenge or to modify that determination. The intent and thrust of this action is merely to reinstate the previous determination by requiring the City of New York to remove from the tax rolls precisely the same properties heretofore held exempt and exactly to the same extent heretofore held exempt, but attempted to be placed on the tax rolls under Local Law No. 46. In these circumstances we do not find the present article 78 proceeding inappropriate to obtain the relief sought.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Bbeitel and Judges Jasen, Gabeiblli and Wachtleb concur; Judges Rabin and Stevens taking no part.
Order affirmed, with costs.

. Section 421 (subd. 1, par [b]) of the Real Property Tax Law as amended by section 2 of chapter 414 of the Laws of 1971 (eff. Jan. 1, 1972) reads in pertinent part as follows: “ (b) Real property owned by a corporation or association which is not organized or conducted exclusively for religious, charitable, hospital, educational or cemetery purposes, or for two or more such purposes, but which is organized or conducted exclusively for the moral or mental improvement of men and women or for bible, tract, benevolent, missionary, infirmary, public playground, scientific, literary, bar association, medical society, library, patriotic or historical purposes, for the enforcement of laws relating to children or animals, or for two or more such purposes, and used exclusively for carrying out thereupon one or more of such purposes either by the owning corporation or association, or by another such corporation or association as hereinafter provided, shall be exempt from taxation; provided, however, that such property shall be taxable by any municipal corporation within which it is located if the governing board of such municipal corporation, after public hearing, adopts a local law, ordinance or resolution so providing.”

. “ The fact that the [corporation] is incorporated under the Membership Corporations Law instead of the Religious Corporations Law * * is not decisive.” (People ex rel. Outer Court v. Miller, 161 Misc. 603, 609, af£d. 256 App. Div. 814, affd. 280 N. Y. 825.)