C. A. STEPHENS and C. A. STEPHENS, JR., Appellants, v. C. R. STICKEL, etc., *et al.,* Appellees.

200 So. 396

En Banc

Opinion Filed February 11, 1941

Rehearing Denied March 4, 1941

106

*John D. Shepard,* for Appellants;

*W. G. Vaughan,* for Appellees.

WHITFIELD, J.—A bill of complaint filed in the circuit court prayed for a temporary and permanent injunction against the enforcement of a city ordinance. The notice of hearing was "for a temporary restraining · order and injunction." The order of the court denied the "application for injunctive relief," but did not dismiss the bill of complaint. The order should be treated as being interlocutory and not final in its nature, and should be reviewed here on interlocutory certiorari and not on an appeal. See Rule 34, Supreme Court Rules.

An appeal from the order was taken and an application has been made for a constitutional writ under Section 5, Article V, of the Constitution, staying the enforcement of the ordinance pending the review of the order of the circuit court by this Court. Such application for a constitutional writ was denied by this Court.

As the merits of the case were argued by counsel for both parties on the application for a constitutional writ to stay, *pendente lite,* the enforcement of the ordinance, the entry of appeal as taken will be treated as an application for an interlocutory writ of certiorari under Supreme Court

Rule 34. If upon consideration by this Court the inter-locutory order denying the "application for injunctive relief" is found to be erroneous, an interlocutory writ of certiorari under Rule 34 will be issued and the order quashed. If the interlocutory order is not erroneous, a writ of certiorari will be denied and the cause will be remanded to the circuit court.

The ordinance is as follows:

"AN ORDINANCE in the interest of public safety and welfare; declaring the standing or going upon certain street crossings or intersections, for the purpose of distributing handbills, pamphlets, dodgers, or other literature to the occupants of any automobile, truck, motorcycle or other motor vehicle at certain times or for any other purpose than that commonly accorded to the general traveling public to be against public safety and welfare; making unlawful the standing or going upon such street intersections or crossings for the purposes aforesaid or the distributing of handbills, pamphlets, dodgers or other literature to occupants of such motor vehicles, and providing a penalty for the violation thereof.

"Be It Ordained by the City Commission of the City of Melbourne, Florida,

"Section 1. That this ordinance be, and the same is hereby enacted in the interest of the public safety and welfare.

"Section 2. The standing or going upon the following portions of street intersections, and crossings in the City of Melbourne, Brevard County, Florida, for the purpose of distributing to the occupants of any automobile, truck, motorcycle, or other motor vehicle, handbills, pamphlets, dodgers or other literature, of or for any other purpose than that commonly accorded to the general traveling public is hereby declared to be against public safety and welfare:

"The respective intersections of Washington Avenue with Palmetto Avenue, Strawbridge Avenue, New Haven Avenue, Prospect Avenue, and the street entering Midway Tourist Colony from said Washington Avenue; also the respective intersections of Orange Avenue and Vernon Place with New Haven Avenue; the section of New Haven Avenue crossed by Florida East Coast Railway, and the corner of Melbourne Avenue commonly known as the Post Office Corner.

"Section 3. It shall be unlawful for any person or persons to stand or go upon that portion of the aforementioned street intersections and crossings, commonly used for vehicular or other motor traffic to distribute handbills, pamphlets, dodgers or other literature to the occupant of any automobile, truck, motorcycle or other motor vehicle while said motor vehicle is in motion or while the same is stopped at or near such street intersections and crossings, because of a traffic light, traffic signal, or traffic conditions, or to go thereupon for any other purpose than that commonly accorded to the general traveling public.

"Section 4. It shall be unlawful for any person or persons to distribute handbills, pamphlets, dodgers or other literature to the occupant of any automobile, truck, motorcycle or other motor vehicle while said motor vehicle is in motion, or while the same is stopped at or near such street intersections and crossings, because of a traffic light, traffic signal, or traffic conditions.

"Section 5. Any person or persons violating the provisions of this ordinance shall be punished by a fine not exceeding $200.00 or imprisonment not exceeding 60 days or by both such fine and imprisonment in the City jail, at the discretion of the Municipal Judge.

"Section 6. This ordinance shall go into effect upon its

passage and publication as required by the Charter of the City of Melbourne.

"CLAUDE EDGE, Chairman City Commission
"C. E. SHULL, City Clerk

"We, the undersigned, Chairman of the City Commission and City Clerk, respectively, of the city of Melbourne, Florida, do certify that the foregoing Ordinance was duly and regularly passed at a lawful meeting of the City Commission held on the 26th day of November, A. D. 1940, and that we subscribed our names thereto to authenticate the same as required by law.

"CLAUDE EDGE, Chairman City Commission
"C. E. SHULL, City Clerk
"(SEAL)
"Nov. 29; Dec. 3."

It is contended that the ordinance violates the following organic guarantees:

". . . No laws shall be passed to restrain or abridge the liberty of speech or of the press. . . ." Sec. 13, Declaration of Rights, Florida Constitution.

"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; . . ." Sec. 1, Art. XIV, Amendments to the Constitution of the United States.

One of "the privileges or immunities of citizens of the United States" which shall not be restrained or abridged is "the liberty of speech or of the press."

Orderly preservation of human life and safety is a primary purpose of constitutional government, in order that guaranteed human liberties may be fully enjoyed, each

within its intended sphere of operation; and it is not contemplated by the Constitution that the exercise of such guaranteed liberties shall jeopardize human life or safety. The guaranteed civil liberties cannot be fully enjoyed if human life and safety are not preserved. Certainly the Constitution does not intend that the exercise of its guaranteed civil liberties shall subordinate *reasonable* regulations for the preservation of human life and safety. The organic command that no law shall restrain or abridge the liberty of speech or of the press, does not by its terms or intendments contemplate that the exercise of such liberty in the distribution of literature to occupants of motor vehicles by persons on foot operating within street intersections or crossings, shall be superior to reasonable duly authorized regulations of motor vehicle traffic at stated city street intersections for the protection of human life and safety, all other portions of the streets and all sidewalks being open for the exercise of the liberty claimed, as in this case. The constitutional validity of the ordinance challenged should be determined upon a full consideration of all pertinent facts affecting the operation of the ordinance and its consequences under controlling law. See Schneider v. State, 308 U. S. 147, 60 Sup. Ct. 146, 84 L. Ed. 155.

The privilege of a citizen of the United States to use the streets for distributing literature may be reasonably regulated in the interest of human life and safety. Such privilege is not absolute, but relative, and should be exercised with due regard to *permissible* regulations to protect human life and safety. But the organic privilege should not, under the guise of regulations, be in fact and in law unduly restrained or abridged. See 128 A. L. R. 1352.

The ordinance in this case is enacted "in the interest of public safety and welfare," and it regulates the standing or going of persons upon portions of stated street inter-

sections and crossings for the purpose of distributing to the occupants of passing motor vehicles, handbills, pamphlets, dodgers, or other literature in the city, and may not as an entirety unduly restrain or abridge the liberty of speech, or of the press, in violation of the above quoted organic provisions, when all the pertinent facts and circumstances of the operation of the ordinance are duly shown in an adversary hearing.

The dangers of motor vehicle accidents at street intersections and crossings might be shown to be materially increased by personal distribution of literature to occupants of such vehicles in heavy traffic on such intersections and crossings in city streets.

In this case the ordinance is designed to conserve the public safety and welfare and *is restricted to portions of stated street intersections* of the city; and this ordinance may on full hearing and consideration be found to be distinguishable from those cited in the certified copy of opinion in City of Dearborn v. Thomas, Circuit Court, Wayne County, Michigan, and other cases relied on by appellant. See 11 Am. Jur., p. 1115; 16 C. J. S., page 632, *et seq.;* San Francisco Shopping News Co. v. City of South San Francisco, 69 Fed. (2nd) 879, certiorari denied, 293 U. S. 606; annotations, 114 A. L. R. 1446; 127 A. L. R. 967. If excessive penalties be imposed, the law affords a remedy. See Sec. 8, Declaration of Rights, Florida Constitution of 1885.

The ordinance and the allegations of the bill of complaint do not in law require a temporary restraining order to be made, *pendente lite,* and the interlocutory order complained of, denying injunctive relief, will not be quashed on interlocutory certiorari.

A writ of certiorari is denied, and the cause will be remanded for appropriate proceedings.

It is so ordered.

Brown, C. J., Terrell, Buford, Chapman, Thomas and Adams, J. J., concur.