STATE *ex rel.* MRS. E. F. WILSON and GRACE SHADMAN, v. J. R. RUSSELL, as Chief of Police of the City of Clearwater, a Municipality in Pinellas County, State of Florida.

1 So. (2nd) 569
Division A
Opinion Filed April 8, 1941

540

*Waybright & Waybright,* for Petitioners;

*Ralph Richards,* for Respondent.

BUFORD, J.—Petitioners, being convicted in municipal court of the City of Clearwater upon the charge of violating Section 1 of Ordinance No. 463, have sued out writ of habeas corpus. Return has been made to the writ showing that the petitioners are held in the manner alleged in the petition. Section 1 of the ordinance, supra, provides as follows:

"That from and after the passage of this ordinance it shall be unlawful for any person to distribute pamphlets, circulars, or other similar printed or typewritten matter among citizens of the City of Clearwater without first securing a permit from the Chief of Police."

Petitioners contend that the ordinance violates Section 1 of the Fourteenth Amendment of the Federal Constitution and Sections 5 and 13 of the Declaration of Rights of the Constitution of Florida.

If so much had not been recently written by the Supreme Court of the United States and become the recognized law of the land, it might be expedient to express our views in regard to the validity of this ordinance at some length, but ordinances of this sort have been considered and discussed in lengthy opinions in the cases of Lovell v. City of Griffin, 303 U. S. 444 to 453, 82 L. Ed. 949; and Schneider v. Town of Irvington, Young v. People of the State of California, Snyder v. City of Milwaukee and Nichols v. Commonwealth of Massachusetts, 308 U. S. 147 to 165, 84 L. Ed. 155 and such ordinances definitely held to be invalid because of invading the right of free speech and free press

as guaranteed under the Constitution, and it appears to us that no useful purpose can be served by attempting to repeat or add to what has been said in that regard by the highest Court in the land.

On authority of the opinions and judgments in the cases above cited, the return is held insufficient and petitioners are discharged.

So ordered.

BROWN, C. J., WHITFIELD, TERRELL, THOMAS and ADAMS, J. J., concur.

CHAPMAN, J., concurs specially.

CHAPMAN, J. (concurring).—The illuminating and thorough opinion adopted by the Supreme Court of the State of Illinois in the case of Village of South Holland, 373 Ill. 472, 26 N. E. (2d) 868, 127 A. L. R. 957, with annotations at page 962, et seq., sustains fully the conclusion reached in the opinion as prepared by Mr. Justice BUFORD in the case at bar.

Counsel for the City of Clearwater in his brief defends the ordinance on the theory: (a) that the challenged ordinance is a war measure; (b) the chief of police by the terms of the ordinance is without discretion in the issuance or withholding of permits; (c) the ordinance is designed to prohibit the teachings of all doctrines of disobedience to all civil laws; (d) the ordinance is designed to prohibit the teaching of anarchy and a refusal to salute the flag; (e) the regulation of the destruction of the pamphlets and literature under the terms of the ordinance is in harmony with and strengthens the national defense program; (f) other patriotic arguments are advanced. We have examined the case of Schenck v. United States, 249 U. S. 47, 39 Sup. Ct. 247, 63 L. Ed. 470, cited by counsel.

These several arguments offered in behalf of the chal-

lenged ordinance are weighty and if presented to a legislative body, would not only be influential but convincing, or if made on the hustings, would be approved and applauded by the people, but a court in the discharge of duty under our system is required to be oblivious to public clamor, partisan demands, notoriety, or personal popularity and to interpret the law fearlessly and impartially so as to promote justice, inspire confidence and serve the public welfare. The liberty and freedom of the press under our fundamental law is not confined to newspapers and periodicals, but embraces pamphlets, leaflets and comprehends every publication which affords a vehicle of information and opinion. The perpetuity of democracies has as a foundation an informed, educated and intelligent citizenry. An unsubsidized press is essential to and a potent factor in instructive information and education of the people of a democracy, and a well informed people will perpetuate our constitutional liberties.

Ordinances of this character generally have previously been considered by this Court upon evidence taken and their constitutionality determined on the facts of each particular case, but the one at bar appears to be an exception thereto. See City of Miami Beach v. The Texas Co., 141 Fla. 616, 194 So. 368; Hunter v. Green, 142 Fla. 104, 194 So. 379; Stephens v. Stickel, 146 Fla. 104, 200 So. 396.

I therefore concur in the opinion of Mr. Justice BUFORD.