Suit by White Swan Laundry, Inc. and others against Garland W. Johnson, individually and as business agent for International Laundry Workers Union, Local 222, American Federation of Labor, and another for an injunction. From a decree granting an injunction, defendants appeal.
Decree reversed.
The appeal is brought by the defendants below to review an injunctive decree rendered in favor of the plaintiffs.
The following material facts are shown by the record: The plaintiffs are operators of laundry and dry cleaning establishments in Miami, Florida. One of the defendants is a local laundry workers union affiliated with the International Workers Union, American Federation of Labor, and has headquarters at Miami. The other defendant is the resident business agent and representative of the said local union. *Page 875 
At the time of the institution of suit a large number of laundry and dry cleaning workers were being employed at the plants operated by the plaintiffs. Some of these employees, comprising less than a majority, were members of the local union, and prior to suit had designated the local union as their agent or representative to negotiate with their employers in all matters pertaining to wages, hours and working conditions. A representative of the local union had advised the officers of the plaintiffs that the local union had been selected to represent these employees and had requested an opportunity to meet with them to discuss the negotiation of a union contract on behalf of the employees. The request for such a meeting had been entirely ignored by each of the plaintiffs, and because of this fact such of the employees as were union members had voted to go on strike for the purpose of forcing the plaintiffs to negotiate with the local union on their behalf. Subsequently, when representatives of the union began picketing the plants operated by the plaintiffs, a number of these union members, although not all of them, had refrained from crossing the picket lines established by the union and had refused to report for work at the plants pending the settlement of the strike issue.
On December 26, 1946, a few days after the strike vote had been taken, members of the union — none of whom were employees of the plaintiffs — had begun picketing the business establishments operated by the respective plaintiffs, bearing placards on which were inscribed the name of the particular business establishment then being picketed, followed by the wording, "Unfair to orgainized labor. A.F. of L. Workers Union, Laundry Workers Int. Union, Local 222, A.F. of L.", and bearing other placards on which were inscribed the words, "On Strike Against Poverty. Laundry Workers Int. Union, Local 222, A.F. of L."
During the period other members of the local union had passed out handbills to employees of the plaintiffs, which had printed thereon: "Strike Has Bosses in a Sweat Over What the Union Will Do Next! The Strike is on and Will Stay on Till the Bosses Sign Up! Special Strike Rally. Blue Ribbon Laundry. White Swan Laundry. Riverside Cleaners Laundry. You are Urged to Attend the Rally to Learn the Truth About the Strike! Regardless of Whether you are now Working in the Plant or not! Be At The Rally. 7:00 P.M., Friday, Jan. 3rd, 1947, Unia-Hall, 1834 N.W. 4th Ct. Cor. 19th St. Please Attend — Its Mighty Important! Laundry Workers Int. Union, Local #222, AFL."
In addition to these acts on the part of union representatives, the local union had caused various statements concerning the labor activities at plaintiffs' plants to be published in the newspapers and announced over the radio.
All of these activities were carried on in a peaceable and orderly manner but produced some absenteeism among the employees of the plaintiffs.
Upon this set of facts, which we have stated as strongly in favor of the plaintiffs as we think the record will justify, the chancellor entered the following decree against the local union and its business agent: "* * * the Court having heard the testimony in the cause and it appearing that there was no proper compliance with Section 481.09(3) of the Florida Statutes Annotated and the Court being otherwise fully advised in the premise, it is
"Ordered, Adjudged and Decreed that the defendants and each of them, their agents, servants and employees be, and they are hereby enjoined and restrained in absence of any authorized vote of a majority of plaintiffs' employees from resuming, continuing and repeating the acts complained of in the bill of complaint or any such acts inviting, inducing, signalling or announcing a strike or cessation of work at plaintiffs' place or places of business, provided, however, that nothing in this order shall be contrued to prohibit peaceful picketing by non-strikers under circumstances wherein Section 481.09(3) of the Florida Statutes is inapplicable."
On this appeal an attempt is made by the appellants to question the constitutional validity of section 481.09(3), Florida Statutes, 1941, F.S.A., upon which the chancellor *Page 876 
apparently bottomed his decree which enjoined the appellants from "inviting, inducing, signalling or announcing a strike or cessation of work at plaintiffs' place or places of business." The statute provides that it shall be unlawful for any person "to participate in any strike, walkout, or cessation of work or continuation thereof without the same being authorized by a majority vote of the employees to be governed thereby."
Assuming section 481.09(3), supra, to be a valid exercise of the state police power — a point we need not decide on the state of the record — it will be noticed, as we have previously pointed out in Moore v. City Dry Cleaners Laundry Inc., Fla., 41 So.2d 865, that it does not require as a condition precedent that a majority vote of employees shall be obtained approving such action before the members of a local union may lawfully invite, induce, signal or announce a strike at any place of business, but requires such vote of approval only as a condition precedent to the actual act of striking by the employees themselves. The statute which the appellants attempt to challenge is therefore not applicable under the facts of the case at bar. See Whitehead v. Miami Laundry Co., Fla., 36 So.2d 382. So it follows that the constitutionality of section 481.09(3), supra, will not be determined on this appeal, even though challenged by the appellants; it being well settled that a court will not pass upon the constitutional validity of any statute unless it becomes necessary to do so in order to determine the issues in the case under consideration.
The facts upon which the decree appealed from is based are not materially different from the facts presented to the court in Whitehead v. Miami Laundry Co. and Moore v. City Dry Cleaners 
Laundry, Inc., supra; except that in the latter case the picketing of the dry cleaning plant involved was shown to have been set in such a background of violence, coercion and intimidation that the picketing was held to be illegal, and such acts of the culpable parties with respect to inviting, inducing, signalling or announcing a strike as were taking place "at or in such close proximity to the plaintiff's place of business as to be or become in effect an integral part of the program of unlawful picketing" were held to be enjoinable because of such illegal picketing.
In the Whitehead case it was decided that the acts of members of a local labor union in inviting, inducing, signalling or advertising a strike or cessation of work at a plaintiff's place of business were not enjoinable, either under section 481.09(3), supra, or upon general equitable principles; even though the persons carrying on such activities on behalf of the local union were not employees of the plaintiff. In the Moore case it was held that where a local union, acting through its members who comport themselves in a peaceful and orderly manner, "invites or attempts to induce the employees of the plaintiff company to join their union or to strike to enforce legitimate demands for higher wages or better hours or conditions of labor such acts would not be enjoinable for they would fall within the ambit of permissible labor activities protected by the State and Federal Constitutions." It was held, also, that the activities of a local labor union in "signalling or advertising" the existence of a strike at plaintiff's place of business could not be enjoined in the absence "of an express situation plainly requiring reasonable public regulation in the interest of human life and safety," in view of the protection afforded the right of free speech guaranteed every person under the terms of section 13, Declaration of Rights, Constitution of Florida; because such an injunction "would clearly amount to prior censorship, a basic evil denounced by both the Federal and State constitutions."
Every valid ground for the arguments advanced by the parties on this present appeal has been dealt with in the cases above cited, and we think that the principles therein announced are controlling. The decree appealed from should therefore be reversed.
It is so ordered.
TERRELL, CHAPMAN, and THOMAS, JJ., concur. *Page 877 
ADAMS, C.J., and BARNS and HOBSON, JJ., dissent.