178 So.2d 620 (1965)
Walter Lee NIXON, Appellant,
v.
The STATE of Florida, Appellee.
No. 65-78.
District Court of Appeal of Florida. Third District.
September 21, 1965.
*621 Robert L. Koeppel, Public Defender and Phillip A. Hubbart, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and James T. Carlisle, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and CARROLL and BARKDULL, JJ
HENDRY, Chief Judge.
Appellant seeks reversal of his convictions of the crimes of (1) possession of a narcotic drug, (2) possession of barbiturates, (3) breaking and entering a dwelling with intent to commit a felony and (4) grand larceny.
On August 1, 1964, Officer Boyd of the Miami Police Department was called to a Miami address to quiet a disturbance. While the officer was in the process of quieting the disturbance, someone brushed against the appellant who was standing in the doorway of a nearby bar. The appellant stated the following words to the person who had brushed against him, "M____ F____, get out of my way." Officer Boyd heard the appellant make the remark and placed him under arrest for violation of Sec. 43-10(7), Code of the City of Miami, Florida, which provides:
"Any person in the city shall be deemed guilty of disorderly conduct who: * * * 7. Uses obscene or profane language in the presence of anyone else, or any indecent, insulting or abusive language to another, or makes any threats of violence against another person."
Upon making the arrest Officer Boyd made a preliminary search of the appellant for weapons but found none. Shortly thereafter Officer Olson of the Miami Police Department arrived in a patrol wagon, and, after having been informed that a preliminary search for weapons had been made, conducted a second search of the appellant for concealed weapons. In the course of the second search a narcotic drug and barbiturates were found on appellant's person. The appellant was then taken to the Dade County Jail where he was interrogated by Miami Police Officer Tucker. After some forty-five minutes to one hour of interrogation, the appellant, a part time employee of the owner of a house which had been burglarized, orally confessed to participation in the breaking and entering.
*622 At the appellant's trial by the court, the seized evidence as well as the oral confession were received in evidence over objection. The appellant was found guilty on all charges and sentenced. This appeal follows.
The appellant contends that:
(1) Section 43-10(7) of Code of The City of Miami, Florida is an unconstitutional restriction of the right of free speech and therefore his arrest for an alleged violation thereof was illegal. Moreover, the second search which uncovered the narcotic drug and barbiturates did not constitute a search incident to arrest, therefore, the seized evidence should have been excluded.
(2) His confession should have been excluded because it was:
(a) the fruit of an illegal arrest;
(b) elicited in violation of his right to counsel;
(c) elicited during a period of unnecessary delay between his arrest and presentment before a committing magistrate.
We find appellant's contentions lacking in merit. It has been well established that obscene speech is not guaranteed by either the Federal or Florida Constitutions,[1] and, we are unconvinced that the ordinance under scrutiny is unduly broad and thus unconstitutionally restrictive of the right of free speech. We note that it is not argued that the remark made by the appellant is not of the type prohibited by the ordinance.[2]
Having determined the ordinance to be constitutional we further conclude that the appellant's arrest for violation thereof was lawful.
Appellant next takes the position that the second search for concealed weapons was not a search incident to arrest and cites as authority therefor Preston v. United States.[3]
While it is true that the Preston case precludes a search remote in time or place from the arrest, we do not read into that opinion a prohibition of a second search such as was conducted in the case sub judice.
The more thorough search conducted prior to placing the appellant in the patrol wagon is certainly justified since an arrested person sitting unguarded in a patrol wagon could make use of a cleverly concealed weapon to effect an escape or injury to the police officer.
Appellant's contention that his confession was unlawfully obtained because he was denied his right to counsel during interrogation is without merit. The record clearly shows that his interrogator informed him of his right but that the appellant did not request counsel. Under such circumstances it cannot be said any of his constitutional rights were violated.[4]
Lastly, appellant urges reversal on the ground that his confession was obtained during a period of unnecessary delay between his arrest and presentment before a committing magistrate. Neither is it alleged nor does it appear from the record that such delay induced his confession. It is well-settled that absent such a showing failure to take a prisoner before a committing *623 magistrate prior to obtaining a confession is not reversible error.[5]
For the foregoing reasons the judgments and sentences appealed are hereby affirmed.
Affirmed.
NOTES
[1] Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957); Chaplinsky v. State of New Hampshire, 315 U.S. 568, 62 S.Ct. 766, 86 L.Ed. 1031 (1951); Tracey v. State, Fla. 1961, 130 So.2d 605.
[2] For definitions of obscene, see State v. Clein, Fla. 1957, 93 So.2d 876.
[3] 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964).
[4] Morgan v. State, Fla.App. 1965, 177 So.2d 60.
[5] Crum v. State, Fla.App. 1965, 172 So.2d 24.