ROBERTS, Justice.
Having been transferred by the Circuit Court in and for Pinellas County, this cause is before us on direct appeal from a judgment of the County Court for Pinellas County upholding the validity of Section 821.18, Florida Statutes. We have jurisdiction pursuant to Article V, Section 3(b)(1).
Appellant was charged by information with malicious trespass to real estate in that he did unlawfully trespass upon the property of Ross Chevrolet, Inc., with malicious and mischievous intent in violation of Section 821.18, Florida Statutes, which provides:.
“Other trespasses. — Every trespass upon the property of another, committed with a malicious and mischievous intent, the punishment of which is not specially provided for, shall be guilty of a misdemeanor of the second degree, punishable as provided in § 775.082 or § 775.083.”
Appellant filed a motion to dismiss the information against him and alleged as ground therefor that Section 821.18, Florida Statutes, is unconstitutionally vague. The trial judge, after hearing on the motion to dismiss, denied the same and entered an order finding Section 821.18, Florida Statutes, to be constitutional. Upon denial of his motion by the trial judge, reserving' his right to appeal the constitutional question, appellant changed his plea from not guilty to nolo contendere. The trial judge accepted this plea, adjudicated appellant guilty and fined him One Hundred Dollars ($100.00). Appellant then filed an appeal to the Circuit Court in and for Pinellas County which, upon motion to transfer the cause to this Court filed by appellee, State of Florida, in which appellant joined, transferred the cause to this Court in view of the constitutional question involved.
*170 We find that Section 821.18, Florida Statutes, is constitutional and is not unconstitutionally vague and indefinite as appellant contends. The language of the questioned statute conveys a sufficiently definite warning as to the proscribed conduct when measured by common understanding and practice. Adderly v. Florida, 385 U.S. 39, 87 S.Ct. 242, 17 L.Ed.2d 149 (1966); State v. Mayhew, 288 So.2d 243 (Fla.1973), Brock v. Hardie, 114 Fla. 670, 154 So. 690 (1934). Although appellant concedes that Section 821.18; Florida Statutes, before the 1971 amendment relative to the penalty provision thereof was unquestionably constitutional, he argues that the statute as presently worded is unconstitutionally vague. In 1971, the Legislature, by Chapter 71-136, Laws of Florida, amended only the punishment provision of Section 821.18, Florida Statutes, to read “. . . shall be guilty of a misdemeanor of the second degree, punishable as provided in § 775.082 or § 775.083.” Formerly, Section 821.18, Florida Statutes, provided :
“Every trespass upon property of another, committed with a malicious and mischievous intent, the punishment of which is not specially provided for, shall be punished by imprisonment not exceeding three months, or by fine not exceeding one hundred dollars.”
Section 775.082, Florida Statutes, referred to in present Section 821.18 provides, in pertinent part:
“(5) A person who has been convicted of a designated misdemeanor may be sentenced as follows:
“(b) For a misdemeanor of the second degree, by a definite term of imprisonment in the county jail not exceeding sixty (60) days.”
and Section 775.083, Florida Statutes, referred to therein provides, in pertinent ■ part:
“Fine in lieu of or in addition to other criminal penalty. — A person who has been convicted of a crime, other than a capital felony, may be sentenced, when specifically designated by statute, to pay a fine in lieu of or in addition to any punishment described in § 775.082. Fines for designated crimes shall not exceed:
“(4) $500, when the conviction is of a misdemeanor of the second degree;”
We cannot agree with appellant’s position but rather we find that the only change in the statute as evidenced by comparison of the language thereof, stated above, is a minor technical modification in the punishment provision. Section 821.18, Florida Statutes, both penalizes an offense and prohibits precisely defined conduct.
The Supreme Court of the United States in Adderly v. Florida, 385 U.S. 39, 87 S.Ct. 242, 17 L.Ed.2d 149 (1966), expressly determined that the previous statutory language of Section 821.18, Florida Statutes, was not vague; and that this statute is constitutional. In Adderly, supra, the Supreme Court stated, inter alia:
“The Florida trespass statute under which these petitioners were charged cannot be challenged on this ground. It is aimed at conduct of one limited kind, that is, for one person or persons to trespass upon the property of another with a malicious and mischievous intent. There is no lack of notice in this law, nothing to entrap or fool the unwary.
“Petitioners seem to argue that the Florida trespass law is void for vagueness because it requires a trespass to be with a malicious and mischievous intent ‘. . ..’ But these words do not broaden the scope of trespass so as to make it cover a multitude of types of conduct as does the common-law breach-of-the-peace charge. On the contrary, these words narrow the scope of the offense. The trial court charged the jury as to their meaning and petitioners have not argued that this definition, set out below, is not a reasonable and clear definition *171 of the terms. The use of these terms in the statute, instead of contributing to uncertainty and misunderstanding, actually makes its meaning more understandable and clear.”
Accordingly, we determine that Section 821.18 is constitutional and affirm the judgment of the trial court.
It is so ordered.
ADKINS, C. J., and BOYD, OVER-TON, ENGLAND and DREW (Retired), JJ., and MASON, Circuit Judge, concur.