DOWNEY, Judge
(dissenting).
I would affirm the judgment of conviction because I think the arrest was lawful.
Regarded in the light most favorable to the verdict, the record shows the following events occurred. Officer Gregory, while on routine patrol, received a call to investigate an automobile accident. He went to the place specified and spoke with the owner of a car that had been struck by another while the first was parked. The owner told him a car had backed into his and then had left the scene of the accident. He could not give the officer the license plate number of the offending car, but he did give him a description of that car and told him that the last name of its occupants was Scott. At that point the owner saw appellant coming down the street with two companions. He told Gregory that appellant was in the car, but he did not know if he was the driver or the passenger. Gregory (who was in uniform) then approached appellant and told him he was an officer making a police investigation into a hit and run accident in which appellant and his brother were involved, “and [he] would like to talk to them about it.” Appellant put his hand in the air and told Gregory “he didn’t have to tell [Gregory] a fucking thing and to keep away from him.” Gregory told appellant he was not interested in giving anybody a ticket but merely wanted to complete an accident investigation form. Appellant doubled up his fist and told Gregory “to keep the fuck away from him, and he didn’t have to tell [Gregory] a fucking thing.” Gregory then asked appellant for some identification. Appellant doubled up his fist and went into a fighting stance and told [Gregory] to keep [his] “fucking hands off of him.” Gregory then told appellant “that he was under arrest for using loud and profane *222 language and failing to give information at the scene of an accident, and [Gregory] put [his] left hand on appellant’s elbow.” Appellant “jerked away and told [Gregory] to keep [his] mother-fucking hands off him, and it would take somebody a lot bigger than [Gregory] to put him in jai[1].” Appellant then “swung at [Gregory]” and a struggle ensued during which appellant tried several times to get Gregory’s gun. Appellant slipped out of Gregory’s grasp “and tried to walk away again.” When Gregory again tried to subdue him, appellant again told Gregory to keep his “fucking hands off of [appellant].” Appellant reached toward his own back pocket in a manner that led Gregory to think that appellant was going to pull a weapon. Whereupon Gregory drew his own gun and made the appellant bring his hands into the open. Appellant told Gregory: “go ahead, that’s all you want to do, is shoot a black man.” After ascertaining that appellant was not armed, Gregory holstered his gun and again tried to subdue appellant. Finally, after using mace, Gregory managed to subdue and handcuff appellant. During the struggle a very large crowd had gathered.
The record demonstrates Officer Gregory knew that the driver of a motor vehicle involved in an accident has a duty to report the accident and if the driver is unable to make such a report then a passenger has the duty to make it. § 316.062, F. S. Gregory had reasonable grounds to believe that the appellant was either the driver or a passenger in a vehicle involved in an accident. He was therefore clearly involved in lawful investigation at the time the incidents leading to appellant’s arrest took place.
It is established that the state has the burden of proving that the arrest with which an individual is charged with resisting was a lawful arrest. Rosenberg v. State, Fla.App. 1972, 264 So.2d 68. Whether the present arrest is lawful depends upon whether the officer had substantial reason to believe the appellant was committing misdemeanor in his presence. City of Miami v. Albro, Fla.App.1960, 120 So.2d 23. Thus the dispositive question in this case is: Was the appellant’s arrest lawful, i. e., was appellant’s arrest based upon probable cause ? In my opinion it was.
The state urges that the arrest was lawful under § 847.04, F.S., which makes it a misdemeanor for anyone who has reached the age of discretion to use “profane, vulgar and indecent language, in any public place . . ..” Regarded in the light most favorable to the verdict, the evidence is consistent with the theory that appellant was arrested under § 847.04.
The Supreme Court of Florida held that § 847.04 is constitutional in State v. Mayhew, Fla. 1974, 288 So.2d 243. The defendant in that case had been “informed against for the use of profane, vulgar, and indecent language, to wit: ‘mother-f-,” in a public place so as to be heard by others, contrary to the provisions of Section 847.04, Florida Statutes, and for resisting arrest with violence contrary to the provisions of 843.01, Florida Statutes, F.S.A.” Id. at 245.
On motion by the defendant the trial court dismissed the information on the ground that § 847.04, F.S., was unconstitutional on its face.
The Supreme Court reversed:
“We disagree with the trial court and find that the statutory provision in question is neither impermissibly vague nor unnecessarily overbroad, nor does it violate the First Amendment to the Constitution of the United States.” Id. at 246.

“The enactment of Section 847.04, Flordia Statutes, F.S.A. is a valid exercise of the state’s police power and may reasonably be construed as expedient for the protection of public safety, public welfare and public morals, in order to maintain public decency and order.” Id. at 248.

*223

“The language sought to be proscribed by Section 847.04, Florida Statutes, F.S. A., falls within the narrowly limited classes of speech described by the Supreme Court in Chaplinsky which ‘. . . include the lewd and obscene, the profane, the libelous, and the insulting or “fighting words” — those which by their utterance inflict injury or tend to incite an immediate breach of the peace.’ In accordance with the policy of this Court to construe a statute when possible in a manner supportive of its constitutionality, we find that the language sought to be prohibited by Section 847.-04, Florida Statutes, F.S.A., is that which would necessarily incite a breach of the peace.” Id. at 251.
The court went on to say that
“Since the record before us does not indicate in what context the words ‘mother f_’ were used, we cannot at this time determine whether they are incorporated within the language sought to be proscribed by this statute.” Ibid.
However, the court remanded the cause with instructions to reinstate the information charging violation of § 847.04 and § 843.01.
I would distinguish Phillips v. State, Fla.App.1975, 4 DCA, 314 So.2d 619, on the basis that the defendant there was arrested upon a charge of breaching the peace in violation of § 877.03 F.S. 1973. Here the appellant was arrested upon a charge of using loud and profane language and failing to give information at the scene of an accident. It appears to me that the officer was in the lawful execution of his legal duty here and that appellant’s conduct was a clear violation of § 847.04 F.S. 1973.
In light of the holding in the Mayhew case, it was proper for the jury in the present case to conclude (a) that Officer Gregory had reasonable grounds to arrest appellant under authority of § 847.04, and (b) that appellant’s resistance to that arrest was unlawful. Compare City of Cincinnati v. Karlan, 35 Ohio St.2d 34, 298 N.E.2d 573, 578 (1973); vacated 416 U.S. 924, 94 S.Ct. 1922, 40 L.Ed.2d 280; reaffirmed 39 Ohio St.2d 107, 314 N.E.2d 162 (1974); cert. denied, 419 U.S. 1056, 95 S. Ct. 640, 42 L.Ed.2d 654. I do not think White v. State, Fla.1976, 330 So.2d 3, requires a different result.
I would therefore affirm the judgment and sentence in this cause.