COWART, Judge.
Article 1, Section 4 of the Florida Constitution provides:
Every person may speak, write and publish his sentiments on all subjects but shall be responsible for the abuse of that right. No law shall be passed to restrain or abridge the liberty of speech or of the press.
Section 4.08 of the Beach Code of Volu-sia County provides:

Section 4-08. Soliciting and Canvassing Prohibited.

(a) By other than licensed concessionaires of goods and services for use or consumption on beach. No person other than a concessionaire licensed under the provisions of Section 8 of this Code shall solicit or canvass for the sale or rental of merchandise, services, goods, or property of any kind or character intended for use or consumption on the beach.
(b) By licensed concessionaires. No licensed concessionaire shall solicit or canvass for the sale or rental of any merchandise, services, goods or property of any kind or character except from within or within 10 feet of his licensed premises or vehicle.
(c) By any person of goods and services for use or consumption off beach. No person shall solicit or canvass for the sale or rental of any merchandise, services, goods or property of any kind or *196 character to be delivered or performed off the beach.
Citing State ex rel. Wilson v. Russell, 146 Fla. 539, 1 So.2d 569 (1941), the County Court of Volusia County held that section 4.08 of the Beach Code of Volusia County was unconstitutional under the First and Fourteenth Amendments to the United States Constitution and Article 1, Section 4, of the Florida Constitution.
Under the four part analysis of governmental regulation of commercial speech enunciated by the United States Supreme Court in Central Hudson Gas & Electric Corporation v. Public Service Comm., 447 U.S. 557, 100 S.Ct. 2343, 65 L.Ed.2d 341 (1980), the complete ban of solicitation or canvassing for sale or rental of off-beach goods or services contained in section 4.08 must fail. The complete suppression, under the police power, of commercial speech relating to the solicitation for off-beach goods and services is more extensive than necessary to further any alleged governmental interest in promoting the public welfare by protecting the privacy and aesthetic sensibilities of members of the public who are on the beach. The final judgment of the County Court is
AFFIRMED.
DAUKSCH and GOSHORN, JJ., concur.